UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN MILLER,<br>Plaintiff,<br>v.<br>JONES LANG LASALLE AMERICAS, INC.,<br>Defendant. | No. 2:26-cv-01344-DJC-CSK<br><br>ORDER |

Defendant seeks to stay or dismiss this action, arguing the first-to-file rule applies based on another wage and hour class suit captioned *Anthony Villa v. Jones Lang LaSalle Americas, Inc.*, No. 4:25-cv-04560-YGR, pending before the United States District Court for the Northern District of California. Because the Court agrees that the first-to-file rule warrants a stay here, the Court GRANTS Defendant's Motion pending the outcome of the *Villa* action.

**BACKGROUND**

As the facts and procedural history are known to the parties, the Court will not recount them except as necessary. Defendant's Motion to Dismiss is fully briefed. (Mot. (ECF No. 5); (Opp'n (ECF No. 9); Reply (ECF No. 10).) Pursuant to Local Rule 230(g), this Motion is submitted without oral argument.

## LEGAL STANDARD

"The first-to-file rule allows a district court to dismiss, transfer, or stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district." *Chavez v. Target Corp.*, No. 2:25-cv-01603-DAD-CSK, 2026 WL 807720, at *3 (E.D. Cal. Mar. 24, 2026) (quotation omitted) (quoting *Kohn Law Grp., Inc. v. Auto Parts Mfg. MI, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015)). This rule seeks to promote efficiency and "should not be disregarded lightly." *Kohn Law Group*, 787 F.3d at 1239 (citation and internal quotation marks omitted). Courts have an "ample degree of discretion" to apply this rule. *Alltrade v. Uniweld Prods. Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) (citation omitted). Courts are driven to "maximize economy, consistency, and comity" in the application of the first-to-file rule. *Id.* at 1240 (citation and internal quotations omitted). In determining whether the rule applies, a court considers the chronology of the lawsuits, the similarity of the parties, and the similarity of the issues. *Kohn L. Grp.*, 787 F.3d at 1240.

## DISCUSSION

The parties do not dispute that the *Villa* action was filed first, the putative *Villa* class subsumes the putative class here, and both actions bring overlapping claims on behalf of that putative class. (Mot. at 2; *see generally* Opp'n.)

Rather, the parties dispute whether the potential settlement of the *Villa* action on behalf of only a subset of that class renders the parties and issues sufficiently different that the first-to-file rule is inapplicable. (*See* Opp'n at 3.) According to Plaintiff, the parties in *Villa* attended a mediation on June 9, 2026, "which resulted in an agreement to resolve *Villa* on behalf of a class limited to employees who worked at Amazon facilities." (*Id.* at 1–2.) Counsel for plaintiff in the *Villa* action emailed counsel for Plaintiff in this action confirming these facts. (Opp'n at 2; ECF No. 9-1, Ex. A.)[1] As Plaintiff did not work at an Amazon facility, "Plaintiff would not be a member of the

[1] Defendant's evidentiary objections to this declaration (ECF No. 10-1) are overruled.

*Villa* class, and his claims would not be affected by the resolution in *Villa*." (Opp'n at 2.)

Given the *Villa* action was filed before this action, the actions bring seven overlapping claims, and the putative *Villa* class subsumes the putative class in this action, the first-to-file rule applies. Absent a finalized settlement agreement limiting the *Villa* action to a subclass that would not include Plaintiff, the information before the Court is not sufficiently certain to bar application of this rule. Given the realistic possibility of a settlement that would render these actions dissimilar, however, the Court concludes a stay is appropriate until final resolution of the *Villa* action.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Defendant's Motion (ECF No. 5) and STAYS this action pending final resolution of the *Villa* action. The Parties shall file a status report upon preliminary and/or final approval of any settlement in the *Villa* action, or at a minimum, every six (6) months from the date of this Order on the status of the related proceedings and the need to continue the stay. The hearing on this Motion, set for July 30, 2026, is VACATED. Defendant's request for remote appearance (ECF No. 11) is DENIED AS MOOT. This Order resolves ECF Nos. 5, 8.

IT IS SO ORDERED.

Dated: **July 27, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – Miller26cv01344.mtd